**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4488**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONALD TODD SMITH,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00241-NCT-3)

—————————

Submitted:  September 30, 2011        Decided:  October 13, 2011

—————————

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Todd Smith pled guilty, pursuant to a written plea agreement, to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Smith as a career offender to a below-Guidelines sentence of 196 months' imprisonment. On appeal, Smith's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel questions the reasonableness of Smith's sentence but points to no specific error. Because we find no meritorious grounds for appeal, we affirm.

This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Finally, this court reviews the substantive reasonableness of the

sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, the district court followed the necessary procedural steps in sentencing Smith by properly calculating the Guidelines range,[*] considering the § 3553(a) factors, adequately explaining the chosen sentence, and sentencing Smith to a sentence of 196 months—some sixty-six months below the bottom of his advisory Guidelines range as a result of a downward departure based upon his substantial assistance. Hence, we conclude that the sentence imposed by the district court was procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith in writing of the right to

---

[*] Although we note that one of the felony convictions on which the district court relied to classify Smith as a career offender does not qualify as a felony under our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), Smith still qualifies as a career offender by virtue of his 1989 conviction for misdemeanor assault of a female that, at the time he committed the offense, was punishable by two years' imprisonment.

3

petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED